371 So.2d 788 (1979)
STATE of Louisiana
v.
James E. DAVIS.
No. 63691.
Supreme Court of Louisiana.
May 21, 1979.
Rehearing Denied June 25, 1979.[*]
Henry A. Politz, Curtis W. Cary, Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., S. D. Peters, Tommy J. Johnson, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
James E. Davis was charged by bill of information with receiving stolen things (La. R.S. 14:69) in that he did "intentionally procure and receive a Zeiss level. . . ."[1] After trial by jury, he was found guilty as charged and sentenced to serve one year in jail plus payment of all costs. On appeal, defendant relies on eight assignments of error for reversal of his conviction and sentence. *789 Finding merit in one of the assigned errors, we need not consider the others.
Defendant contends the trial judge erred in denying his motion for a new trial. He argues, inter alia, that there was no evidence produced showing that he intentionally procured or received anything of value which had been the subject of any robbery or theft, under circumstances which indicate that he knew or had good reason to believe that the thing was the subject of one of these offenses.
In criminal matters, the scope of this court's appellate jurisdiction extends only to questions of law. La.Const. art. 5, § 5(C). It is well settled that a contention made in a motion for a new trial that no evidence was produced to prove the crime charged or an essential element thereof presents a question of law which can be reviewed by this court. State v. Liggett, 363 So.2d 1184 (La.1978); State v. Williams, 354 So.2d 152 (La.1977). The allegations in defendant's motion for a new trial raise the contention that there was no evidence of procuring or receiving stolen things (crime charged) or an essential element thereof. Hence, this issue is properly before us.
On January 26, 1978, several law enforcement officers arrived at defendant's residence and office (located at the same address) with a search warrant authorizing a search for parts belonging to a stolen truck allegedly located on these premises. The officers, accompanied by defendant, proceeded to his office and commenced their search. Deputy J. W. Jones, a member of the Caddo Parish Sheriff's Department observed a wooden box, with the initials of the Louisiana Department of Highways on it, on the floor in a closet area of the office. When Jones brought the box out of the closet area, defendant remarked that it was stolen, but that he had already informed a sheriff's deputy, Billy Wayne McKinnon, of that fact. Defendant also explained to the officers that he had bought the level, which was contained in the box, from an employee of a painting contractor who had been hired to paint defendant's house. The officers then opened the box and observed a Zeiss surveyor's level therein. The state established that the level and the box in which it was contained were stolen from the Louisiana Department of Highways on June 1, 1977.
Defendant testified that in late November or early December 1977, Dennis Ray May, an employee of a painting contractor hired by him during the rebuilding of his house, overheard him express a desire for a level. May informed him that he (May) had a friend who had a level that he wanted to sell for $100. Defendant (who had several years previously purchased a used level for $97) agreed to purchase this level and gave May $100. That same evening or the next morning, May placed a wooden box in the hallway of defendant's partially-constructed house. Thereafter, upon first examining the wooden box and its contents, defendant indicated that "it didn't look right" to him and that he had some suspicion that this property might be stolen; in addition, defendant noted that the level was a type that was totally useless for his needs. That same evening, or early the next day, defendant informed a Caddo Parish Sheriff's deputy, Billy Wayne McKinnon, that he was "scared of" the level, explained to him the circumstances of its purchase, and requested that the deputy examine the level and its wooden box. McKinnon assured defendant that he would examine the items the first opportunity he had. Defendant explained that he had no opportunity to return the items to May since, shortly after the transaction, May quit work and was not seen again by defendant until immediately prior to trial. Billy Wayne McKinnon, called as a defense witness, confirmed that defendant had informed him of his suspicion regarding the level and had requested him to examine it. McKinnon admitted that he never examined the level or informed any other law enforcement officer of defendant's concern.
La.R.S. 14:69 defines receiving stolen things as
the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, *790 under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
Since the word "intentional" is included in the above definition of receiving stolen things without a qualifying provision, only general criminal intent is required as an essential element of the crime. La.R.S. 14:11; cf. State v. Liggett, supra; State v. Elias, 357 So. 275 (La.1978); State v. Elzie, 343 So.2d 712 (La.1977). General criminal intent is present when "the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La.R.S. 14:10. Though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction. La.R.S. 15:445.
The evidence adduced at trial establishes that May did not deliver the wooden box and the level contained therein directly to defendant; rather, May placed the box in the hallway of defendant's partially-constructed house. There is nothing in the record to indicate that this method of delivery and receipt was part of a prearranged plan or system entered into between defendant and May. At the time when defendant first became suspicious that the property delivered by May might be stolen, he had no opportunity to reject the property and return it to May, who had quit work and was not seen again by defendant. Moreover, it is uncontroverted that defendant immediately informed a deputy sheriff of his suspicion and requested that the deputy examine the property. We thus find no evidence in the record of circumstances which indicate that defendant, in the ordinary course of human experience, adverted to the prescribed criminal consequences as reasonably certain to result from his act. In other words, there was no evidence of facts or circumstances from which general criminal intent, an essential element of the crime of procuring or receiving stolen things, can be inferred.
When this court upon review properly presented finds no evidence of the crime charged or an essential element thereof (as distinguished from reversal due to trial error) the double jeopardy clause of the fifth amendment precludes a second trial and requires the direction of a judgment of acquittal. Moreover, a defendant does not waive his right to a judgment of acquittal by moving for a new trial. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Liggett, supra; State v. Thompson, 366 So.2d 1291 (La.1978).

DECREE
For the reasons assigned, the conviction and sentence are annulled and set aside, and defendant is ordered discharged.
NOTES
[*] Summers, C. J. & Blanche, J., would grant a rehearing.
[1] The crime of receiving stolen things is committed by the "intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses." La.R.S. 14:69. (emphasis added) The bill of information charged defendant only with "procuring and receiving" the property in question and not with "concealing" it.