412 So.2d 1061 (1982)
STATE of Louisiana
v.
Eddie L. PHILLIPS.
No. 81-K-2763.
Supreme Court of Louisiana.
April 5, 1982.
Robert L. Kennedy and Thomas G. Wilson, of Law Offices of Robert L. Kennedy, Colfax, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Joseph P. Beck, Dist. Atty., Gregory N. Wampler, Asst. Dist. Atty., for plaintiff-respondent.
*1062 MARCUS, Justice.
Eddie L. Phillips was charged by bill of information with contributing to the delinquency of a juvenile in violation of La.R.S. 14:92(A)(8). During trial by a judge, defendant made a motion for a judgment of acquittal, pursuant to La.Code Crim.P. art. 778,[1] after the close of the state's evidence. The trial judge denied the motion. Defendant offered no evidence in defense. The trial judge found defendant guilty as charged and sentenced him to serve six months in the parish jail. On defendant's application, we granted a writ of review under our supervisory jurisdiction.[2] Defendant asserts two assignments of error for reversal of his conviction and sentence. Finding merit in one of the assigned errors, we need not consider the other.
Defendant contends that the trial judge erred in denying his motion for acquittal in that the state failed to produce any evidence that he intentionally permitted the juvenile to absent herself from home without authority of her parents. Hence, the evidence was insufficient to sustain his conviction.
The evidence adduced at trial established the following facts. On October 19, 1980, Deputy Sheriff Colleen Ingles, whose primary duties involve juvenile investigations, received an anonymous telephone call indicating that Vanessa Thompson, a juvenile, had left home and could be found at a certain address which the deputy later determined to be the residence of Betty Tannehill Chapman. Deputy Ingles telephoned Vanessa's parents to corroborate the tip and they advised her "that Vanessa was not at home and they didn't know where she was." Deputy Ingles then went to the Chapman house to find Vanessa where she learned from an unidentified man who answered the door that Vanessa and another female juvenile who lived at that address were at defendant's residence; whereupon, she proceeded to defendant's home accompanied by Deputy Morgan Briggs. Upon arrival, the deputies knocked at the door. When defendant was informed of their identity, he voluntarily opened the door. While initially disclaiming knowledge of Vanessa's whereabouts, when Deputy Ingles advised him that she had information that Vanessa was there, he went into another room and brought Vanessa to the deputies who transported her to the sheriff's office.
Vanessa Thompson testified that for a couple of days prior to October 19, 1980, she, then age 16, had been staying at the Chapman house with Dorothy Tannehill who was also a juvenile. She further stated that on October 19, she and Dorothy were on their way to the store when they decided to go to defendant's residence. Defendant was a friend of Dorothy's whom Vanessa had not met before that day. Vanessa testified that she had been at defendant's house about one to two hours talking and listening to the stereo before the deputies arrived and escorted her from the house. When asked by the state: "Did your parents give you permission to go to Eddie Phillips' home?" Vanessa replied: "No, sir." The state further asked: "You were absent from your house in Pollock." She answered: "Yes, sir." The state then asked: "And you were absent without the authority or permission of your parents, is that correct?" She replied in the affirmative. Vanessa's parents did not testify at trial.
On October 20, 1980 (the next day), Deputy Sheriff W. A. Paul arrested defendant who was later charged with contributing to the delinquency of the juvenile, Vanessa Thompson.
*1063 La.R.S. 14:92(A)(8) defines contributing to the delinquency of juveniles as
the intentional enticing, aiding or permitting, by anyone over the age of seventeen, of any child under the age of seventeen, and no exception shall be made for a child who may be emancipated by marriage or otherwise, to:
. . . .
Absent himself or remain away, without authority of his parents or tutor, from his home or place of abode; .... (Emphasis added.)
Since the word "intentional" is included in the above definition of contributing to the delinquency of juveniles without a qualifying provision, only general criminal intent is required as an essential element of the crime. La.R.S. 14:11; State v. Elias, 357 So.2d 275 (La.1978), rev'd on other grounds, State v. Bosworth, 373 So.2d 152, 155 (La. 1979); State v. Hardy, 232 La. 920, 95 So.2d 499 (1957); cf. State v. Davis, 371 So.2d 788 (La.1979); State v. Liggett, 363 So.2d 1184 (La.1978). General criminal intent is present when "the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La.R.S. 14:10. Though intent is a question of fact, it may be inferred from the circumstances of the transaction. La.R.S. 15:445.
The evidence adduced at trial establishes only that sixteen-year-old Vanessa Thompson and a friend with whom she had been staying for two days stopped at defendant's home enroute to the store and visited with him, talking and listening to the stereo for less than two hours. There is nothing in the record to indicate that defendant under these circumstances should have averted to the prescribed criminal consequences as reasonably certain to result from his permitting Vanessa, nearly an adult, to visit in his house for such a short period of time. He had no reason to know that Vanessa was absent from her home without the authority of her parents. Clearly, viewing the evidence in a light most favorable to the prosecution, we are unable to say that a rational trier of fact could have inferred intent, an essential element of the crime, from these circumstances beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Hathorn, 395 So.2d 783 (La.1981). Hence, the trial judge erred in denying defendant's motion for acquittal as there was insufficient evidence to sustain a conviction. We must reverse.
When a reviewing court reverses a conviction on the ground of evidentiary insufficiency, as distinguished from trial error, the double jeopardy clause of the fifth amendment precludes a second trial and requires the direction of a judgment of acquittal. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Davis, supra; State v. Liggett, supra. Hence, defendant must be ordered discharged in this case.[3]

DECREE
For the reasons assigned, the conviction and sentence are annulled and set aside and a judgment of acquittal is rendered as to the charge of contributing to the delinquency of the juvenile, Vanessa Thompson.
NOTES
[1] La.Code Crim.P. art. 778 provides:

In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denies a defendant's motion for a judgment of acquittal at the close of the state's case, the defendant may offer its evidence in defense.
[2] 409 So.2d 676 (La.1982).
[3] State v. Byrd, 385 So.2d 248 (La.1980), wherein this court held that discharge of a defendant on the ground of insufficiency of the evidence is not necessary or proper when the evidence supports a conviction on a lesser and included offense which is a legislatively authorized responsive verdict, is not applicable to the instant case where the evidence is insufficient to sustain a conviction of an offense which has no lesser and included offenses.