594 So.2d 476 (1992)
STATE of Louisiana
v.
Willie WILLIAMS & Kenneth Dilosa.
No. 89-KA-2308.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1992.
*477 Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., New Orleans, for State of La.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for Willie Williams & Kenneth Dilosa.
Before KLEES and WARD, JJ., and GULOTTA, J. Pro Tem.
WARD, Judge.
On July 22, 1987, Willie Williams, Kenneth Dilosa, and Robert Marks were each charged with one count of possession with the intent to distribute cocaine. They were arraigned on July 30th and all pled not guilty. On May 18, 1988, the first day of trial, Marks withdrew his prior plea and pled guilty as charged. The trial court sentenced Marks to serve five years at hard labor, but the court suspended the execution of the sentence and placed Marks on five years active probation. Williams and Dilosa proceeded to trial. A jury found Williams guilty of attempted possession with the intent to distribute and found *478 Dilosa guilty as charged. The trial court denied Williams' and Dilosa's motion for post verdict judgment of acquittal. The court then sentenced Williams to ten years at hard labor and sentenced Dilosa to twenty years at hard labor.
Shortly thereafter the State filed a bill of information charging Williams was a multiple offender. The trial court vacated William's original sentence and then sentenced him to serve twenty years at hard labor. On that same date Dilosa admitted that he was a multiple offender and the trial court sentenced him to serve twenty years at hard labor.
Both Williams and Dilosa contend there is insufficient evidence to support a verdict or to meet due process standards. In particular they contend there is insufficient evidence to show they were in possession of the controlled dangerous substance, cocaine, and much less evidence exists to show that they were in possession with intent to distribute. We disagree. What the police officers found when executing a search warrant coupled with their testimony during trial shows that the evidence supports the verdict and meets due process standards.
At approximately 4:45 p.m. on May 22, 1987, police officers executed a search warrant at an apartment in a building located at 2523 St. Ann Street. Upon entering, the officers ran through a kitchen and a living room containing no furniture, past an empty bedroom and into a second bedroom containing only a table, a chair and a television. Williams and Dilosa were in the second bedroom. On the table the officers observed a small pile of cocaine, several baggies of cocaine, various paraphernalia, and $560.00 in small bills. Under the table the officers found a bottle of muriatic acid. The officers searched the apartment and found Robert Marks hiding in a nearby bathroom.
At trial, Officer Glasser, the officer in charge of the execution of the search warrant, who was qualified as an expert in the packaging and distribution of cocaine, testified that cocaine is generally packaged in small plastic bags for retail sales. He further testified that such sales are often made from small unfurnished apartments or fortified houses. He also stated that muriatic acid is often kept near the cocaine so that it can be destroyed if the police raid the house.
The defense presented little evidence, but what it did present attempted to show possession, or lack of it. On direct examination Marks testified that he alone rented the apartment in order to sell cocaine and that Williams and Dilosa were present solely to buy cocaine.
They argue that there was insufficient evidence to support their convictions. Using the standards defined by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we find no error in the trial court's judgment.
Kenneth Dilosa was charged with and convicted of the possession with intent to distribute cocaine. Williams was convicted of the attempted possession with the intent to distribute cocaine. To support both convictions, the State needed to prove that Dilosa knowingly possessed cocaine, and that Williams attempted to knowingly possess cocaine, and that this possession was with the intention to distribute it. In order to prove possession, the State is not obligated to prove actual possession, but rather such conviction may be supported by a showing of constructive possession. State v. Trahan, 425 So.2d 1222 (La.1983). The defendant's presence in the area where the drug is found, or the mere fact that the defendant knows the person in actual possession, is insufficient to prove constructive possession. However, a person may be considered to be in constructive possession of the illegal substance if the substance is subject to his dominion and control, or if he willfully and knowingly shares with another person in actual possession of a drug the right to control the drug. Further, the assessment of the credibility of witnesses is the province of the trier of fact, and such assessment should be upheld unless it is clearly contrary to the evidence presented at trial. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989). Viewing the evidence in the light most favorable to the *479 prosecution, there was evidence to support both of the defendants' convictions. This assignment has no merit.
Williams and Dilosa raise other identical arguments of error on appeal. The first that we will consider is their argument that the trial court erred by refusing to suppress the evidence seized by authority of a search warrant which Williams and Dilosa contend was faulty because it did not describe with particularity the premises to be searched.
This Court recognizes and observes with deference the trial court's great discretion when ruling upon a motion to suppress. State v. Robinson, 386 So.2d 1374 (La.1980). The Louisiana Supreme Court has consistently stated thatif the place to be searched is described in sufficient detail to enable the officers to locate it with certainty and with reasonable probability that the police will not search the wrong premises, the description is sufficient. State v. Smith, 397 So.2d 1326 (La. 1981). Here, as in Smith, the description in the warrant was not erroneous. In Smith, the officers were looking for illegal drugs in a building which housed two apartments, but only one address was visible. After the search was conducted the officers learned that the apartment from which they seized the drugs was the one which had an unposted address. In the case at bar the officers were led to believe that the address, 2523 St. Ann Street, was the apartment they wanted to search because they observed their confidential informant leaving from a side entrance nearest that address. After seizing the cocaine the officers discovered that the apartment's address was actually 2523½ St. Ann Street. From the outside it was impossible to see that the side entrance would lead to the apartment on the other side of the building. As in Smith, this minor error does not invalidate the search.
The second argument of Williams and Dilosa is also related to the search warrant. During trial they sought to cross examine Officer Glasser by using his affidavit supporting the application of a search warrant. They contend the trial court erred by denying their offer of Glasser's affidavit as evidence that would discredit Glasser's trial testimony, evidence they contend showed that Glasser was attempting to find a particular drug dealer although he testified in trial that he was only interested in searching a particular place. They rely completely upon the affidavit in support of a search warrant which refers to "a black male" and "the purveyor". This argument does not have any merit because the body of the search warrant coupled with the testimony of Officer Glasser clearly shows that Glasser's affidavit was made to obtain authority to search a particular premises for drugs and paraphernalia, not to search of a particular person.
Williams and Dilosa also contend the trial court erred by denying their motion for a mistrial. An unusual situation developed during the trial which is the genesis of this argument. On Wednesday, May 18, 1988, the defendant's trial began. Testimony was completed on that day, and closing arguments were completed when the court recessed the trial at 8:35 p.m. The parties were ordered to return to court the next day. However, on Thursday, May 19th, the court was closed because of a bomb threat, and the parties were ordered to return on Monday, May 23rd. There is no indication in the record that any objection was made by the defendants on Thursday. On Monday trial continued, with the court charging the jury and the jury retiring to deliberate. It was not until after the jury had retired that the defense counsel moved for a mistrial. The delay between the first day of trial, when all the testimony was presented and the arguments were made, and the second day of trial, when the court charged the jury, was five days.
Williams and Dilosa argue that the five day delay was too long to allow the jury to keep the evidence and arguments in mind. We do not agree. The facts of the case were not complex and the evidence was clearly presented. They have not shown that they were so prejudiced by this delay that they did not receive a fair trial. State v. Wendyl Locke, unpub. (88-k-1479, La. App. 4th Cir. October 25, 1988) writ denied 532 So.2d 773 (1988).
*480 Williams and Dilosa also contend that the trial court erred by denying their motion for a mistrial which they made after objecting to appearing in court in prison clothing. While it is true that they appeared before the jury on the last day of trial in their prison clothes, we do not believe the trial court erred. They had been on bond at the time of the first day of trial, and they had appeared in street clothing on the first day. However, after the first day of trial ended, the court increased their bond, and they were remanded to jail. They were still in jail on Monday of the next week when trial continued and were led into the courtroom in their prison clothes in the presence of the jury. Counsel did not object or move for a mistrial at that time. Instead, counsel waited until after the jury had been charged and had retired to deliberate before objecting to William's and Dilosa's presence before the jury in prison clothes.
After the trial court denied the motion for a mistrial defense counsel made a note of evidence to show that he had Williams' and Dilosas' street clothes with him. The trial court denied the motion, emphasizing that the court was not informed that the street clothing was available and that Williams and Dilosa were brought into court twice prior to the jury's arrival and that counsel failed to object. Under these circumstances it cannot be said that the court compelled Williams and Dilosa to appear in prison attire.
A review of the record for errors patent reveals there was no minute entry of William's and Dilosa's resentencing as multiple offenders in either this record or in the record in the district court. However the docket master indicates that both defendants were present at this resentencing, and we do not regard this as error. We do not find any meaningful error patent on the face of this record.
For the foregoing reasons we affirm the defendant's convictions and sentences.
AFFIRMED.