650 So.2d 783 (1995)
STATE of Louisiana
v.
Steven L. CUSHENBERRY.
No. 94-KA-1206.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1995.
*784 Harry F. Connick, Dist. Atty., Susan M. Erlanger, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before LOBRANO, JONES and LANDRIEU, JJ.
LOBRANO, Judge.
Defendant, Steven Cushenberry, was charged by bill of information with possession of cocaine with intent to distribute, a violation of Louisiana Revised Statute 40:967.
Defendant was arraigned on December 17, 1993 and pled not guilty. Trial was held on March 3, 1994. Defendant was found guilty of attempted possession of cocaine with intent to distribute.
On March 10, 1994, defendant was sentenced to seven and one half (7½) years at hard labor. Subsequently, the state filed a bill of information alleging defendant to be a second felony offender. Defendant admitted that he was the same person who pled guilty to purse snatching in 1991. Defendant was resentenced as a second felony offender to serve seven and one half (7½) years at hard labor.

FACTS:
On the evening of October 23, 1993, Officer Landries Jackson was on proactive patrol in a high drug trafficking area near the intersection of Mandeville and North Derbigny Streets. The neighborhood is primarily residential except for a corner grocery store. It was raining heavily. To make it difficult for persons engaged in criminal activity to identify his vehicle as a police unit, Officer Jackson kept his lights on high beam. The owners of the grocery store had complained in the past about people loitering in front of the store.
As Officer Jackson drove along Mandeville Street, he observed defendant standing in the rain in front of the store. As he approached the corner to turn, he noticed that in one hand defendant was holding what appeared to be an open beer can covered by a brown bag. In the other hand defendant was holding a brown medicine bottle. Believing that defendant was in violation of the municipal ordinance prohibiting drinking alcohol on the street from metal or glass containers, Officer Jackson approached defendant to inform him that he was in violation of the ordinance.
Officer Jackson lowered his car window and said "excuse me". Defendant ignored Officer Jackson. Officer Jackson repeated a second time, "excuse me". When defendant ignored Officer Jackson's second attempt to get his attention, Officer Jackson opened his car door. Seeing the officer exiting his vehicle, defendant ran into the grocery store. Officer Jackson followed close behind. As defendant ran inside the store he threw the medicine bottle onto a shelf containing several bags of rice. When the bottle hit the shelf, the top popped off and the contents spilled out. The contents appeared to be rocks of crack cocaine. Officer Jackson apprehended defendant, placed him under arrest and seized the brown bottle and its contents. In addition, Officer Jackson seized $376.00 from defendant's pocket.
The contents of the bottle were later positively identified by John Palm, a criminalist with the New Orleans Police Department crime lab, as twenty-six (26) rocks of cocaine.
Defendant appeals his conviction and sentence asserting the evidence is insufficient to support any verdict other than simple possession of cocaine. Specifically, defendant argues that no evidence was presented that the twenty-six (26) rocks of cocaine were inconsistent with personal use or that defendant distributed or attempted to distribute the cocaine. In support of his argument, defendant relies upon the Supreme Court's ruling in State v. Hearold, 603 So.2d 731 (La.1992).
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *785 Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green, supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La.R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
Defendant was convicted of violating Louisiana Revised Statute 40:967. This statute requires that the state prove that defendant "knowingly" or "intentionally" possessed the cocaine "with intent to distribute".
Specific intent to distribute may be established by proving circumstances surrounding defendant's possession which give rise to a reasonable inference of intent to distribute. State v. Dickerson, 538 So.2d 1063 (La.App. 4th Cir.1989).
In support of his argument, defendant relies upon the Supreme Court's ruling in State v. Hearold, 603 So.2d 731 (La.1992). In reversing the defendant's conviction, the high court stated:
Intent is a condition of mind which is usually proved by evidence of circumstances from which intent may be inferred. State v. Fuller, 414 So.2d 306 (La.1982); State v. Phillips, 412 So.2d 1061 (La.1982); La.Rev.Stat. 15:445. In State v. House, 325 So.2d 222 (La.1975), this court discussed certain factors which are useful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance. These factors include (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
* * * * * *
In the absence of circumstances from which an intent to distribute may be inferred, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible. State v. Greenway, 422 So.2d 1146 (La.1982); State v. Harveston, 389 So.2d 63 (La.1980); State v. Willis, 325 So.2d 227 (La.1975). At pps. 735-736.
Defendant asserts that the state's case is based solely on the amount of cocaine and cash found in his possession which is insufficient to prove intent to distribute. He argues that the cocaine was no more in a form associated with distribution than with personal use; that no expert testimony established that the amount of cocaine found in his *786 possession was inconsistent with personal use; and that no paraphernalia such as bags, scales, a beeper or a gun evidencing intent to distribute was found in his possession.
Defendant testified in his own behalf. He denied possessing the cocaine but admitted being in possession of the cash. He stated his mother-in-law had given him $380.00 to buy a $360.00 money order to pay her rent, an assertion that was neither corroborated nor rebutted at trial. Defendant claimed that he was on the corner because he had just made a telephone call to clarify the details of the money order. He stated he had just come from his girlfriend's house in eastern New Orleans and was dropped off by a friend named Ferdinand who had to go home to address "personal business" with his wife. After calling his mother-in-law he walked "slowly" into the store "because of the rain". According to defendant, Officer Jackson just came into the store and ordered him to lie on the floor. Officer Jackson then cuffed defendant and showed him the bottle containing the cocaine. Defendant adamantly denied that he ever used drugs of any kind. He testified that he had no interest in the drug trade. He also testified that at the time of his arrest he was not employed.
In affirming defendant's conviction, we first note that the Court in Hearold refers to the factors enunciated as "useful" in determining whether circumstantial evidence is sufficient to prove intent to distribute. We do not interpret the holding in Hearold to require that the evidence fall squarely within the factors enunciated to be sufficient for the jury to find the requisite intent to distribute.
In the instant case, defendant was observed standing in heavy rain on a corner in a known drug trafficking area. He ignored Officer Jackson's attempts to get his attention. When Office Jackson exited his car to investigate further, defendant ran discarding the cocaine inside the store. Defendant was in possession of $376.00 in cash. At the time of his arrest he told Officer Jackson he was unemployed. The jury heard and evaluated the testimony of both defendant and Officer Jackson. The credibility of witnesses is for the trier of fact to determine. State v. Green, 613 So.2d 263 (La.App. 4th Cir.1992). Thus, considering the facts leading to defendants arrest, coupled with defendant's own testimony that he never used drugs, the jury's conclusion that defendant possessed the drugs with the intent to distribute is supported by the evidence.
For the reasons assigned, above, defendant's conviction and sentence are affirmed.
AFFIRMED.
JONES, J., dissents.