766 So.2d 572 (2000)
STATE of Louisiana
v.
Frank JOHNSON.
No. 99-KA-1053.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 2000.
*574 Harry J. Boyer, Jr., New Orleans, LA, Attorney for Defendant/Appellant, Frank Johnson.
Harry F. Connick, District Attorney, Charles E. F. Heuer, Assistant District Attorney, New Orleans, LA, Attorneys for Plaintiff/Appellee.
*575 Court composed of Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER, and PHILIP C. CIACCIO, Judge Pro Tem.
WALTZER, Judge.
Defendant, Frank Johnson, appeals his conviction and sentence for possession with intent to distribute cocaine.

STATEMENT OF THE CASE
Defendant, Frank Johnson, was charged by bill of information on 27 March 1998, with possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967. On 7 July 1998, a twelve-member jury found the defendant guilty as charged. On 27 July 1998, the State filed a multiple bill of information to which the defendant pled not guilty. Following a hearing on 13 November 1998, the court dismissed the multiple bill, and sentenced the defendant to ten years at hard labor, without benefit of parole, probation or suspension of sentence.

STATEMENT OF FACTS
Officer Harry O'Neal testified that on 2 March 1998, he engaged in surveillance at the intersection of Eden and S. Dupre Streets in response to complaints of drug activity in the area. With the assistance of binoculars, Officer O'Neal saw the defendant and the two men standing on the corner of Eden and S. Dupre Streets. Officer O'Neal witnessed at least two other individuals approach the defendant, engage in brief conversation, hand him currency in exchange for an object the defendant retrieved from his right front pants pocket, and walk away. Officer O'Neal believed he witnessed two drug transactions, so he radioed his take down unit, Officers Steven Villere and Johnny Young, with a description of the defendant. As the take down unit moved in, the defendant began to walk away. He removed an object from his right front pants pocket, and threw it over a nearby wooden fence. Officer O'Neal arrived on the scene after the take down unit had detained the defendant, and positively identified him as the target suspect. Officer O'Neal was on the scene when one of the take down officers retrieved a bag of crack cocaine discarded by the defendant. In rebuttal testimony, Officer O'Neal detailed for the jury various methods of packaging and distributing cocaine, and explained the method of pricing the contraband for street consumption. He opined that the quantity of the contraband discarded by the defendant was consistent with distribution.
Officer Johnny L. Young testified that he, along with Officer Villere, participated in the defendant's arrest pursuant to Officer O'Neal's surveillance at Eden and S. Dupre Streets. As he approached the location, he noticed the defendant, who fit the description radioed by Officer O'Neal, and two men walking away. Officer Young saw the defendant make a throwing motion as he walked away. The officers asked the defendant and the other two subjects to approach the police car. Officer Young patted down and handcuffed the defendant before placing him in the back of the police car. He looked through the wooden fence over which the defendant tossed the bag and clearly saw a bag of cocaine on the grass. Officer Young obtained permission from the property owner to enter the premises and retrieve the bag.
Officer Steven Villere corroborated Officer Young's testimony but added that he retrieved $438.00 from the defendant's pants pocket. The two subjects detained with the defendant were subsequently released. He did not witness the defendant make any drug transactions.
The State and the defense stipulated as to the expertise of Officer John Palm in the identification of controlled dangerous substances, and further, that if Officer Palm were called to testify, he would verify that the substance discarded by the defendant tested positive for cocaine.
The defense called Trina Russell who testified that she lives on Eden Street, the second house from the corner of S. Dupre. Her grandparents live in the house next to *576 hers. Earlier on the day of the defendant's arrest, he was sitting on her porch visiting her brother, Darius. The defendant and her brother had been friends since childhood. Approximately twenty minutes after she saw the defendant and her brother talking on her porch, the defendant was arrested. The police detained her brother and Malcolm Williams. She verified that a bag of cocaine was retrieved from her grandparents' backyard but she did not know how it got there.
Jeffery Brooks, Jr. testified for the defense explaining that he was at Lucas Tire Company, about one block from where the defendant was arrested. A man ran by him, chased by a police officer. The officer did not catch the individual. He saw the officer enter a backyard and shortly thereafter arrest the defendant.

ERRORS PATENT
Counsel has filed a brief requesting only a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. A copy of the brief was forwarded to the appellant and this Court informed the defendant that he had the right to file a brief on his own behalf.
As per State v. Troy Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, and the bill of information contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 40:967 B, and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, and sentencing.
However, a review of the record reveals an error patent. The penalty provision for possession of cocaine with the intent to distribute, provided for in LSA-R.S. 40:967 B, mandates that only the first five years of the sentence be served without benefit of parole, probation or suspension of sentence. In this case, the trial court denied benefits for the entire ten-year sentence. The sentence, therefore, is illegal.

PRO SE ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant complains that the evidence is insufficient to support his conviction for possession with intent to distribute cocaine.
Recently, in State v. Ash, 97-2061 (La.App. 4 Cir. 2/10/99); 729 So.2d 664, writ denied, 99-0721 (La.7/2/99), 747 So.2d 15, this court summarized the standard of review that applies when a defendant claims that the evidence produced to convict him was constitutionally insufficient:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. *577 4 Cir.1989). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
To support defendant's convictions, the State must prove that the defendant "knowingly" and "intentionally" possessed the cocaine with the "intent to distribute". State v. Williams, 594 So.2d 476, 478 (La.App. 4 Cir.1992). Specific intent to distribute may be established by proving circumstances surrounding defendant's possession which give rise to a reasonable inference of intent to distribute. State v. Dickerson, 538 So.2d 1063 (La. App. 4 Cir.1989).
In State v. Hearold, 603 So.2d 731, 735-36 (La.1992), the Louisiana Supreme Court stated:
Intent is a condition of mind which is usually proved by evidence of circumstances from which intent may be inferred. State v. Fuller, 414 So.2d 306 (La.1982); State v. Phillips, 412 So.2d 1061 (La.1982); La. R.S.15:445. In State v. House, 325 So.2d 222 (La.1975), this court discussed certain factors which are useful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance. These factors include (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
* * *
In the absence of circumstances from which an intent to distribute may be inferred, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible. State v. Greenway, 422 So.2d 1146 (La. 1982); State v. Harveston, 389 So.2d 63 (La.1980); State v. Willis, 325 So.2d 227 (La.1975).
In State v. Cushenberry, 94-1206 p. 6 (La.App. 4 Cir. 1/31/95); 650 So.2d 783, 786, this court described the Hearold factors as "useful" but held that the evidence need not "fall squarely within the factors enunciated to be sufficient for the jury to find that the requisite intent to distribute."
In this case, Officer O'Neal testified he witnessed the defendant receive money from two subjects in exchange for the contraband, that the cocaine was packaged in a manner evidencing an intent to distribute, and that the amount of the cocaine was inconsistent with personal use only. Both Officers O'Neal and Young stated that they witnessed the defendant throw the bag of contraband over the fence as he attempted to elude the officers. Moreover, Officer John Palm's lab report which was introduced into evidence indicates that he analyzed "one plastic bag corner containing several pieces of a `rock-like' substance... positive for cocaine."
Viewing the evidence in a light most favorable to the State, a reasonable trier of *578 fact could have concluded beyond a reasonable doubt that the defendant possessed cocaine with the intent to distribute it. This assignment is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER 2
In his second assignment of error, the defendant alleges that he was denied his constitutional right to effective assistance of counsel
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir. 1986).
The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
If an alleged error falls "within the ambit of trial strategy" it does not "establish ineffective assistance of counsel" State v. Bienemy, 483 So.2d 1105 (La.App. 4 Cir.1986). Moreover, as "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." State v. Brooks, 505 So.2d 714, 724 (La. 1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
In the first of two alleged instances of ineffective assistance of counsel, the defendant complains his counsel failed to capitalize upon Officer O'Neal's testimony concerning the officer's inability to see what the defendant gave in exchange for the currency handed him.
In response to questioning, twice on direct examination and twice under cross-examination, Officer O'Neal candidly admitted that the only thing he could see being exchanged between the defendant and the two subjects was currency.
Q. Could you actually see what the defendant was accepting was, in fact, currency?
A. I could see that it was money that he was giving  that was being given to him. What Mr. Johnson was giving back, I could not see, because it was extremely small.
* * *
Q. You could not see from your vantage point what was going  what was being transacted?
A. What Mr. Johnson was giving, no, I could not.

*579 * * *
Q. You didn't see all of that go on?
A. No, sir. No, sir. I didn't.
Q. Nothing consistent with any of that, did you?
A. No, sir. All I saw him do was take something out of his pocket.
* * *
Q. What are some other methods of street-level narcotic like this?
A....In this particular case, all I can say is I saw Mr. Johnson take something out of his pocket and give it to somebody that gave him currency ...
The defendant does not explain how he was prejudiced by his counsel's failure to elicit the same testimony more than it already had been, or how the outcome of the trial would have been different had he done so. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusive charges will not suffice. Strickland v. Washington, supra.
The defendant charges ineffective assistance in counsel's failure "to object to the crime lab report being kept in the record with the clerk and viewed by the jury." The defendant claims that the lab report erroneously indicated that the evidence bag contained "several" pieces of cocaine when it contained only one rock. By allowing the jury to view the bag of evidence only, he would have been convicted of simple possession rather than possession with intent to distribute.
By all counts, that is, Officer O'Neal's testimony, defense counsel's tactile examination of the evidence bag, and the judge's description of the contents of the bag, there were multiple pieces of rock cocaine. Consequently, there was no basis for an objection as the defendant suggests. This assignment is without merit.

CONCLUSION
Defendant's conviction is affirmed, but his sentence is amended to exclude benefits only for the first five years of that sentence.
CONVICTION AFFIRMED, SENTENCE AMENDED.