NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1397

STATE OF LOUISIANA

VERSUS

CEDRIC D. SEREAL

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-1898
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Phyllis M. Keaty, Judges.

AFFIRMED.

J. Phil Haney
District Attorney
Walter J. Senette, Jr.
Assistant District Attorney
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100
COUNSEL FOR APPELLEE:
    State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2806**
**Monroe, LA 71207-2806**
**(318) 387-6124**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Cedric D. Sereal**

PETERS, J.

The State of Louisiana charged the defendant, Cederic D. Sereal, with possession with the intent to distribute cocaine, a violation of La.R.S. 40:967(A)(1). After a bench trial, the trial court found him guilty of the charged offense. Thereafter, the trial court sentenced him to serve two years at hard labor without the benefit of probation, parole, or suspension of sentence. He now appeals his conviction, asserting in his one assignment of error that the evidence was insufficient to support his conviction. For the following reasons, we affirm the defendant's conviction in all respects.

## DISCUSSION OF THE RECORD

The underlying facts giving rise to this prosecution are not in dispute. On June 25, 2007, Officer Fernest Martin of the Jeanerette Police Department observed the defendant back his vehicle into a ditch and then remove his vehicle from the ditch. Officer Martin stopped the defendant to determine if the defendant was impaired. As he approached the defendant's vehicle, Officer Martin observed the defendant place something in his crotch area. Officer Martin patted down the defendant for safety and located a plastic bag containing six irregular-shaped rocks of cocaine having a total weight of less than one gram.

After the State of Louisiana (state) filed its bill of information on September 6, 2007, the defendant invoked a sanity commission, asserting that he was not mentally capable of proceeding to trial. Following a December 17, 2008 hearing, the defendant was found capable of proceeding to trial. Thereafter, on March 26, 2010, the defendant entered a plea of not guilty and not guilty by reason of insanity. The trial court rejected this defense at the April 5, 2010 bench trial and found the defendant guilty of the charged offense.

**OPINION**

In asserting the insufficiency of the evidence, the defendant primarily argues the insufficiency of only one element of the state's burden of proof—that the state failed to prove beyond a reasonable doubt that he had the specific intent to distribute cocaine. He asserts that due to his insanity at the time of the offense, he lacked the requisite mental capacity to form the intent to distribute, and, in the alternative, the record contains no evidence to establish his intent to distribute the cocaine regardless of his mental state.

In considering an insanity defense, we must start with the legal presumption that a "defendant is sane and responsible for his actions." La.R.S. 15:432. Additionally, "[t]he defendant has the burden of establishing the defense of insanity at the time of the offense by a preponderance of the evidence." La.Code Crim.P. art. 652. Basically, in order to be exempt from criminal responsibility for his actions, a defendant must prove that "the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question." La.R.S. 14:14. Furthermore, "[t]he determination of sanity is a factual matter." *State v. Silman*, 95-154, p. 7 (La. 11/27/95), 663 So.2d 27, 32.

> In reviewing a claim for insufficiency of evidence in an action where an affirmative defense of insanity is raised, this court, applying the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), must determine whether under the facts and circumstances of the case, any rational fact finder, viewing the evidence most favorable to the prosecution, could conclude, beyond a reasonable doubt, that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the offense. *State v. Peters*, 94-0283 (La. 10/17/94); 643 So.2d 1222; *State v. Nealy*, 450 So.2d 634 (La.1984); *State v. Price*, 403 So.2d 660 (La.1981); *State v. Claibon*, [395 So.2d 770 (La.1981)]; *State v. Roy*, 395 So.2d 664 (La.1981).

2

*Id.* at 32.

The only evidence provided by the defendant in attempting to carry his burden on the sanity issue was his own testimony. According to the defendant, his mental state could be traced to his 2005 service in Iraq as a member of the United States Marine Corps. The defendant testified that he joined the Marines in November of 2002 and was deployed to Iraq in 2005. During his seven to eight month deployment, he was exposed to combat duty and suffered all the experiences associated therewith. Although he claims to have shot at least one combatant and witnessed numerous IED explosions, he returned from his deployment without having been wounded himself.

According to the defendant, he was discharged from the Marines in December of 2005 and began having flashbacks of his Iraq experiences on June 25, 2007 (the day of his encounter with Officer Martin). He claims to recall nothing from that day and that he only knows what his mother told him as to what happened. In November of 2007 he sought treatment for the first time and claims to have been diagnosed with post traumatic stress disorder (PTSD). At the time of trial, he was under medication for his condition and was still receiving treatment from the Veterans Administration Hospital in New Orleans, Louisiana.

In rejecting the defendant's assertions that a mental condition precluded him from remembering anything on the day of the offense, the trial court noted the complete lack of medical evidence supporting the defendant's argument that he suffered from a mental disease or defect on the day of the offense and concluded that the defendant's reliance on flashbacks which first manifested themselves one and one-half years after his return from Iraq was something that he "could have made up." Specifically, the trial court concluded that the defendant failed in his burden of

3

establishing that he could not tell right from wrong on June 25, 2007. We find no error in the trial court's factual findings on this issue.

As an alternate defense, the defendant asserts that, regardless of his mental condition, the state failed to establish beyond a reasonable doubt the "intent" element required for conviction of possession with intent to distribute. We also find no merit in this defense.

Intent to distribute can be inferred from the circumstances surrounding the arrest. In *State v. Hearold*, 603 So.2d 731, 735 (La.1992), the Louisiana Supreme Court explained,

> Intent is a condition of mind which is usually proved by evidence of circumstances from which intent may be inferred. *State v. Fuller*, 414 So.2d 306 (La.1982); *State v. Phillips*, 412 So.2d 1061 (La.1982); La.Rev.Stat. 15:445. In *State v. House*, 325 So.2d 222 (La.1975), this court discussed certain factors which are useful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance. These factors include (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.

The defendant argues that none of the factors listed in *Hearold* were established by the state in his case.

The record contains no evidence that the defendant distributed or attempted to distribute the cocaine, or that Officer Martin recovered any paraphernalia which indicated an intent on the part of the defendant to distribute the cocaine. Additionally, no expert testified that the seized cocaine was in a form usually associated with possession with intent to distribute or that the amount was inconsistent with personal use. In fact, the only evidence at trial concerning the

4

seized cocaine and the circumstances surrounding the seizure was that of Officer Martin.

According to Officer Martin, after he seized the cocaine, he provided the defendant with his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966). The defendant did not appear impaired and seemed to understand what was happening and what was being said. When questioned by Officer Martin the defendant gave appropriate responses, and at no time did he become combative. In fact, the only thing the officer found unusual was the defendant's initial action in placing something in his crotch as the officer approached the vehicle. Officer Martin testified that after he had provided the defendant with his *Miranda* rights, and after the defendant responded that he understood the rights, the defendant advised him that the cocaine was his and that his two passengers had nothing to do with it.

The defendant testified at trial that he did not use any illegal narcotics, including specifically cocaine, and that he was not an addict. In rejecting the defense that there was no intent to distribute, the trial court stressed this last point—that because the defendant does not use cocaine, and did not say that he was holding the cocaine for someone else, one is left only with the conclusion that he intended to distribute it to others.

Thus, while there is no evidence establishing the presence of the *Hearold* factors, the defendant admitted to Officer Martin that the cocaine was his, and he testified in court that he does not use cocaine himself. In finding no error in the trial court's determination that the state established the "intent" element beyond a reasonable doubt, we are mindful that our jurisprudence has held that the list of factors in *Hearold* is not exclusive. Rather, they are useful to the trier of fact and the supreme court did not suggest that the evidence establishing intent must fall squarely

5

within those factors. *See State v. Mosley*, 08-1318 (La.App. 5 Cir. 5/12/09), 13 So.3d 705, *writ denied*, 09-1316 (La. 3/5/10), 28 So.3d 1002; *State v. Cushenberry*, 94-1206 (La.App. 4 Cir. 1/31/95), 650 So.2d 783.

## ERRORS PATENT

Louisiana Code of Criminal Procedure Article 920(2) requires that we review all appeals for errors that are "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." After reviewing the record, we find no such errors.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.