301 So.2d 605 (1974)
STATE of Louisiana
v.
W. O. BROWN.
No. 54663.
Supreme Court of Louisiana.
October 11, 1974.
*606 Walton J. Barnes, II, Barnes & Barnes, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Bryan E. Bush, Jr., Asst. Dist. Atty., for plaintiff-respondent.
MARCUS, Justice.
Defendant, W. O. Brown, was convicted and sentenced[1] under a bill of information charging that he violated Title 9, Section 39 of the East Baton Rouge Parish Code, in that he did sell beer, "a beverage containing low alcoholic content, between the hours of 12:00 a. m., September 2, 1973, and 12:00 p. m., September 2, 1973." Application was made by defendant for review under our supervisory jurisdiction. We granted certiorari.
Defendant is a part-owner of the Music Box Lounge located in the Parish of East Baton Rouge, but outside the city limits of the City of Baton Rouge. At approximately eight minutes after midnight on the morning of September 2, 1973, Lieutenant Alello of the East Baton Rouge Parish Sheriff's Office entered the Music Box Lounge and purchased a can of beer (Budweiser). Defendant was not then present. A citation issued for the arrest of defendant and, thereafter, he was charged in a bill of information with violation of the "East Baton Rouge Parish Code, Title 9, Article 9" in that he "did sell alcoholic beverages" between the hours of midnight and noon on Sunday, September 2, 1973.
After arraignment and during the trial of the matter (subsequent to the testimony of Lieutenant Alello, the first witness called by the State), the State moved to amend the bill of information so as to charge that defendant violated "Title 9, Article 39, as amended" of the East Baton Rouge Parish Code in that he "did sell beer, a beverage containing low alcoholic content" between the proscribed hours.
Objection to this amendment was made by defendant. Defendant then sought a continuance. The trial court refused to grant a continuance, but allowed a five-minute recess. A motion for mistrial was also denied. At the close of the State's evidence, defendant moved for a directed verdict of *607 acquittal. The motion was denied. Defendant's motions for a new trial and arrest of judgment were likewise denied.
Bills of exceptions were reserved to all of the above rulings of the trial court. In addition to urging error in these rulings, defendant asserted that the ordinance under which he was convicted is unconstitutional in that it violated the right of procedural due process and equal protection accorded by the United States Constitution, Amendments V and XIV, as well as the Louisiana Constitution, Article I, Section 2.
Finding error in the denial of defendant's motion for a directed verdict, it is unnecessary for us to consider the other errors urged for reversal of defendant's conviction and sentence.
Defendant was prosecuted for violation of Title 9, Section 39 of the East Baton Rouge Parish Code.[2] Proscribed in the ordinance is a penalty for the sale of beer with an alcoholic content greater than one-half (½) of one (1%) percent of alcohol by volume, within the Parish of East Baton Rouge, excluding the City of Baton Rouge, between the hours of midnight Saturdays and 6:00 a. m. Mondays following.
At trial of the matter, the State called Lieutenant Alello, who testified that he purchased a can of Budweiser beer at approximately eight minutes after midnight on September 2, 1973 in the Music Box Lounge. He testified that he did not drink the beer he purchased in this lounge. This can of beer was not produced at trial. Rather, another can of Budweiser purchased at a later date from another place of business was introduced into evidence, over defendant's objection. The can of Budweiser did not show the alcoholic content and no evidence at all was produced as to the alcoholic content of the beverage sold by defendant's agent to Lieutenant Alello.
The entire proof adduced as to the alcoholic content of the beer is contained in the following quotation from the testimony of Lieutenant Alello:
"Q. You have drunk Budweiser before?
"A. Right.
"Q. You have drunk it out of cans like this?
"A. Right.
"Q. Does that have alcohol in it, or do you know?
"A. I know it'll put ait'll give you a buzz, if you drink enough of it.
"BY THE COURT:
"Q. Well, that's isn'tyou didn't answer the question.
"A. (The witness did not reply.)
"BY MR. BUSH:
"Q. Do you know if it has alcohol in it or not?
"A. No, sir; I don't know for a fact that it has alcohol in it.
"Q. You have neverAll you're saying is that you have never done an analysis on it, right?
"A. No, sir."
The other proof offered by the State consists of the testimony of Sergeant Glen E. Marshall who simply testified that he accompanied Lieutenant Alello to defendant's lounge on the night in question where *608 he observed a large number of people present, cans of beer on the tables, and a band playing; and the testimony of a revenue deputy in the City Treasurer's Office (Leslie H. Gautreau, Jr.) who identified copies of beer and liquor permits issued in the name of defendant and another person.
The ordinance under which defendant is charged makes it an offense punishable by fine and imprisonment[3] to sell beer of alcoholic content greater than one-half (½) of one (1%) percent of alcohol within the limits of the Parish of East Baton Rouge during the hours from midnight on Saturday night to 6:00 a. m. on the Monday following. The alcoholic content of the beverage (Budweiser) sold is an essential element of the crime in question. No proof of this alcoholic content appears in the record.
The State, in brief filed in this Court, admits that no chemical analysis on the Budweiser beer which was purchased by Lieutenant Alello was made in this instance for the reason that "it would have been impossible. The beer which was purchased by Lt. Alello was not available, and therefore, it would have been useless for the State to have any other Budweiser beer analyzed for the purpose of trial." The State submits that the trial court took judicial notice that Budweiser beer sold within the Parish of East Baton Rouge is a beverage of low alcoholic content and is covered by Title 9, Section 39 of the Parish Beer Ordinance. If this is so, it was error. The alcoholic content of Budweiser beer is not a matter judicially cognizable under the provisions of R.S. 15:422.
R.S. 15:271, as amended by Act 150 of 1968, provides:
"The plea of not guilty throws upon the state the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant's guilt."
In a criminal prosecution, the burden is upon the State to prove every element of the crime charged. State v. McCauley, 272 So.2d 335 (La.1973); State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971).
The record does not support the charge of a violation of Title 9, Section 39 of the East Baton Rouge Parish Code. The district court had before it no evidence upon which a legal conviction could be based. The prosecution has produced no evidence of an essential element of the crime charged, i. e., the alcoholic content of the beer sold on September 2, 1973. Accordingly, a directed verdict of acquittal must be entered. Article 778 C.Cr.P.; see State v. Patterson, 295 So.2d 792 (La.1974); State v. Douglas, 278 So.2d 485 (La.1973).
For the reasons assigned, the defendant's conviction is reversed, and the sentence is annulled and set aside. The cause is remanded to the trial court for proper judgment of acquittal in compliance with this opinion.
NOTES
[1] Defendant was sentenced to pay a fine of $25.00 plus costs, or in default thereof, to be confined in the parish jail for a period of five days.
[2] It is to be noted that the applicable ordinance is Parish Beer Ordinance No. 3920 adopted by the Parish Council on December 13, 1972. The violation here charged occurred on September 2, 1973. Defendant was charged prior to the amendment of the bill of information for violating Title 9, Section 9 of the East Baton Rouge Parish Code. This was Parish Liquor Ordinance No. 3921 adopted by the Parish Council on December 13, 1972. Ordinance No. 3921 prohibits the sale of a beverage containing more than six percent of alcohol by volume between the hours of midnight Saturdays and 6:00 a. m. Mondays following, within the Parish of East Baton Rouge but outside the city limits of Baton Rouge.
[3] See Section 14 providing for a fine of no more than $200.00 or imprisonment for not more than 60 days or both. Ordinance No. 3920, December 13, 1972.