310 So.2d 582 (1975)
STATE of Louisiana
v.
Nathan BRADLEY et al.
No. 55476.
Supreme Court of Louisiana.
March 31, 1975.
Murphy W. Bell, Director, R. Judge Eames, Trial Atty., Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Doug Moreau, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Nathan Bradley, Lenora Warren and Kattie Evans were jointly charged by bill of information with committing simple battery upon Mrs. Barbara Daigle in violation of La.R.S. 14:35. After trial by a judge, defendants were found guilty as charged and thereafter sentences were imposed.[1]
After completion of the state's case, defendants moved for a directed verdict of acquittal on the grounds that the state produced no evidence that any of the three defendants committed a battery upon the person of Mrs. Barbara Daigle. The court denied the motion, to which ruling defense *583 counsel objected and reserved a bill of exceptions. All defendants applied to this court under our supervisory jurisdiction. We granted writs to review the correctness of the trial court's denial of defendants' motion for a directed verdict of acquittal.
The battery charge herein arose out of a disturbance occurring outside the Monte Sano Gym in the Parish of East Baton Rouge on the evening of February 7, 1974. Several basketball games were conducted at the gym this night with an estimated attendance of 125. At about 9:30 p. m., after completion of one of these games, Mrs. Barbara Daigle, the victim, left the gym together with her son and her daughter, Terri Smith. Terri had witnessed some name calling during pre-game practice in the gym by blacks addressed to the whites. Fearful of walking to her car parked a short distance from that of her mother's, Terri asked her mother to drive her. About this time, two friends of Terri, Gary Bergold and Leslie Spiller, came along on their way to their car. Terri decided to join them. Almost immediately thereafter, Mrs. Daigle observed her daughter face down on the concrete with a group of young black males and females in the act of beating Terri. Mrs. Daigle also viewed others attacking Gary and Leslie. Estimates of the size of this group varied from seven to twenty. Mrs. Daigle came to her daughter's aide by trying to pull her attackers from her. In the scuffle, a girl with her hair in rollers grabbed Mrs. Daigle's purse and started hitting her and Terri with it. She was able to retrieve the purse. The police arrived and the group scattered. At this time, the crowd began coming out of the gym. Mrs. Daigle testified that she was hit four or five times, but could not identify anyone who hit her except the one who took her purse (the girl with the hair rollers). The latter was not one of the defendants.
Terri gave no testimony in connection with the battery committed on her mother. Both Gary Bergold and Leslie Spiller testified that they saw Mrs. Daigle only before and after the fight. The state also called as its witness Loretta Bradley, sister of defendant Nathan Bradley. She gave testimony regarding the precipitation of the skirmish beginning with the pushing of her by another at the water fountain in the gym. Loretta testified she left the gym in the presence of defendants Lenora Warren and Kattie Evans. According to Loretta's version, the fighting started outside the gym when someone pushed her on one of the basketball players. The player retaliated by pushing Loretta.
It was established by the state that all of these defendants were at the scene of the fight. Nathan Bradley was apprehended after fleeing the scene. Oral inculpatory statements of Lenora Warren and Kattie Evans, relied upon by the state, indicate that when they came out of the gym they observed a fight between some whites and blacks and, since it appeared to them that the blacks needed help, they joined in the fight.
La.R.S. 14:33 defines a battery as follows:
Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.
La.R.S. 14:35 sets forth the crime of simple battery:
Simple battery is a battery, without the consent of the victim committed without a dangerous weapon....
La.R.S. 14:24 defines as principals:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
In a criminal prosecution, the burden is upon the state to prove every element *584 of the crime. State v. Brown, 301 So.2d 605 (La.1974); State v. McCauley, 272 So.2d 335 (La.1973); State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971). Where the prosecution has produced no evidence of an essential element of the crime charged, a directed verdict of acquittal must be entered. La.Code Crim.P. art. 778. State v. Brown, supra; State v. Patterson, 295 So.2d 792 (La.1974); and State v. Douglas, 278 So.2d 485 (La.1973).
A review of the record indicates that there is not a scintilla of evidence that the defendants committed a battery upon Mrs. Daigle. No proof was offered that Mrs. Daigle was actually struck or battered by any of these three defendants. At best, the state proved only that these defendants were involved in a fight between a group of blacks and whites. There is no proof that these defendants instigated the fight in any way. Proof is completely lacking that they aided and abetted in the commission of the offense, or that they either directly or indirectly counseled or procured another to commit the battery. The record is thus devoid of their participation as principals. La.R.S. 14:24(1950).
Accordingly, we conclude that the trial judge incorrectly denied defendants' motion for a directed verdict of acquittal.
For the reasons assigned, defendants' convictions are reversed, and the sentences are annulled and set aside. The cause is remanded to the trial court for proper judgments of acquittal in compliance with this opinion.
SANDERS, C. J., and SUMMERS, J., dissent and assign written reasons.
SANDERS, Chief Justice (dissenting).
Under the provisions of the Louisiana Constitution, this Court has jurisdiction in criminal cases to review questions of law only. It cannot review the facts. LSA-Const. (1974) Art. 5, § 5(c). Thus, it is only when there is no evidence at all to establish the elements of a crime that this Court can reverse the trial judge's overruling of a motion for a directed verdict. State v. Patterson, La., 295 So.2d 792 (1974); State v. Douglas, La., 278 So.2d 485 (1973).
The testimony shows that each of the defendants participated in a physical attack by a group of over ten persons upon the victim, Mrs. Daigle. She was kicked and struck about the head, stomach, and back. After their arrest, two of the defendants made oral statements admitting that they had participated in the "fight."
The majority holds there is no evidence that the defendants committed a battery upon the victim. As I construe the holding, it would require eye-witness testimony that the fist or foot of each defendant came in contact with the body of the victim. I do not think that the law imposes such a stringent standard. To impose such a requirement would virtually immunize the participants in a "mob" attack from prosecution for battery.
It is fundamental that the trier of fact is vested with the duty of not only receiving the evidence but making such inferences from it as are justified by reason and experience. When the testimony and admissions show that the defendants took part in the attack upon the victim, the trier of fact may reasonably infer that they had body contact with her. Undoubtedly, such a record provides some evidence of guilt. Under our limited review, that is all that is required.
LSA-R.S. 14:24 provides:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, as principals."
This article makes those who aid and abet in the commission of the crime guilty as principals. Undoubtedly, the record establishes *585 that these defendants were present at the scene and joined in the attack on the victim. They rendered assistance. Hence, assuming that the physical contact with the victim was made by another member of the group, the defendants can be adjudged guilty as principals. See State v. Johnson, 220 La. 170, 56 So.2d 143 (1951); 6 Am.Jur.2d, Assault and Battery § 11, p. 18; Perkins on Criminal Law (2d ed. 1969) § 8, p. 645.
In State v. Johnson, supra, applying LSA-R.S. 14:24, in a prosecution for battery, this Court stated:
"... It is immaterial whether only one of them directly committed the act constituting the offense, if the other aided or abetted therein."
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
As I understand the case, it is conceded that there was an intentional use of force and violence upon the person of the victim, without her consent. The sole issue presented is the defense contention that although this melee took place, there is no evidence that any of the three defendants committed a battery upon the person of the victim.
This contention is answered by the testimony of the victim, that she was attacked by a mob and testimony of other witnesses to the effect that these defendants participated in the fight, for the law of this State makes all persons principals to a crime if they are concerned in its commission, whether they directly commit the act constituting the offense. La.R.S. 14:35.
In my view there was ample evidence to show that these defendants actively participated in the attack upon the victim. They were principals in an affray in which the victim undoubtedly suffered heavy and frequent blows.
I respectfully dissent.
NOTES
[1] Nathan Bradley was sentenced to 10 days in the parish jail plus a fine of $100.00 plus cost, or in default thereof, 30 days in the parish jail. Lenora Warren and Kattie Evans were each sentenced to 10 days in the parish jail plus a fine of $50.00 plus cost, or in default thereof, 15 days in the parish jail. All defendants were given credit for time served from date of arrest to bond date.