325 So.2d 227 (1975)
STATE of Louisiana
v.
Edmond WILLIS.
No. 56635.
Supreme Court of Louisiana.
December 8, 1975.
Rehearing Denied January 16, 1976.
*228 Stanley E. Branton, Stan Branton & Associates, Inc., St. Francisville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., Cynthia Picou Branton, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Edmond Willis was charged by bill of information with knowingly and intentionally possessing marijuana with the intent to distribute in violation of La.R.S. 40:966(A)(1). After trial by jury, defendant was found guilty as charged and was sentenced to serve ten years at hard labor. Subsequently, defendant was charged as a habitual offender. Upon finding that defendant had been convicted of the prior felonies, the court vacated the sentence imposed herein and sentenced him to fifty years at hard labor pursuant to La.R.S. 15:529.1. See State v. Willis, 325 So.2d 230 (La.1975), handed down this day. On this appeal, he relies upon nine assignments of error for reversal of his conviction. Finding merit in Assignments of Error Nos. 7 and 8, requiring reversal of the conviction, we do not consider the other assignments of error in our disposition of the cause.

FACTS
Defendant is an inmate in the Louisiana State Penitentiary at Angola. On February 24, 1974, at approximately 3:00 p.m., Sgt. William Honeycutt, Jr., a correctional officer, while making his rounds of the prison, saw defendant playing cards in a dormitory other than the one to which he was assigned. Defendant thereby violated the "inter-dorn visit rule," which prohibits a prisoner from entering a non-assigned dormitory without the permission of the officer on duty. Sgt. Honeycutt ordered defendant to return to his own dormitory and resumed making his rounds. As he looked back, however, he saw that defendant had not complied with his order and was still playing cards in the non-assigned dormitory. Sgt. Honeycutt then called defendant over to him and made a search of his person. He discovered a pack of fifteen cigarettes in his sweat shirt, which he suspected were composed of marijuana. Sgt. Honeycutt turned over his findings to his supervisor, who in turn transferred them to the warden. Defendant was subsequently charged with knowingly and intentionally possessing marijuana with the intent to distribute.

ASSIGNMENTS OF ERROR NOS. 7 AND 8
At the close of the state's case, defendant moved for a directed verdict of acquittal *229 pursuant to article 778 of the Code of Criminal Procedure, which provides:
In a jury trial the court may direct a verdict of not guilty of one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denies a defendant's motion for a directed verdict or judgment of acquittal at the close of the state's case, the defendant may offer his evidence in defense.
In State v. Douglas, 278 So.2d 485 (La.1973), we stated that a directed verdict of acquittal is proper only where the state has produced no evidence of the commission of the crime or an essential element thereof. Defendant moved for a directed verdict on the ground that the prosecution had produced no evidence tending to show that he had the intent to distribute the marijuana in his possession. Defendant's motion for a new trial, alleging that the verdict was contrary to the law and evidence, was based on the same ground. The trial judge's denials of these motions are assigned as errors.
At the trial of the instant case, Sgt. Honeycutt testified that he did not witness defendant turn over marijuana to any other inmate. He further testified that, to the best of his knowledge, no other inmate in the general area where defendant was searched had any marijuana in his possession, that defendant gave no indication that he was distributing the marijuana to others, and that the marijuana found on defendant's person was all that he had. Defendant was charged with knowingly and intentionally possessing marijuana with the intent to distribute. It was therefore incumbent upon the state to produce evidence tending to show that defendant possessed marijuana with the intent to distribute. La.R.S. 40:966(A)(1). Intent to distribute is an essential element of the crime charged.
Although intent is a question of fact, it need not be proven as a fact, but may be inferred from the circumstances of the transaction. La.R.S. 15:445. The state contends that the jury could infer intent to distribute from the sole circumstance that defendant was playing cards in a dormitory other than the one in which he is housed with a pack of fifteen marijuana cigarettes concealed on his person. This contention is without merit. Although defendant admittedly violated a prison regulation by entering a dormitory to which he was not assigned without authority, this bare fact does not give rise to an inference that he had the intent to distribute. In his per curiam, the trial judge stated that defendant possessed a "fair quantity" of marijuana cigarettes and that the jury could infer the intent to distribute from this fact. We have held that the intent to distribute may be inferred from the possession of a large quantity of a controlled dangerous substance. In State v. Sibley, 310 So.2d 100 (La.1975), there was evidence establishing that defendant possessed enough marijuana to produce 600 cigarettes. We stated that the intent to distribute could be inferred from this circumstance. In the instant case, defendant possessed only fifteen marijuana cigarettes. While we by no means imply that an arbitrary, quantity-based demarcation exists below which the intent to distribute is not to be inferred, we believe that the number of cigarettes on defendant's person was too small to support an inference that the cigarettes were intended for distribution.
*230 We therefore hold that evidence of possession of fifteen marijuana cigarettes, without other evidence, does not, as a matter of law, constitute evidence of possession of marijuana with intent to distribute. Because the record is devoid of any evidence that defendant had the intent to distribute marijuana, an essential element of the crime charged, the trial judge improperly denied his motions for a directed verdict of acquittal and for a new trial. State v. Bradley, 310 So.2d 582 (La.1975); State v. Brown, 301 So.2d 605 (La.1974); State v. Patterson, 295 So.2d 792 (La.1974); State v. Douglas, 278 So.2d 485 (La.1973).

DECREE
For the reasons assigned, defendant's conviction is reversed. The cause is remanded to the trial court for proper judgment of acquittal in compliance with this opinion.
SUMMERS and BOLIN, JJ., dissented.