748 So.2d 502 (1999)
STATE of Louisiana
v.
Bing CROSBY.
No. 98-KA-0372.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1999.
Writ Denied January 28, 2000.
*503 Harry F. Connick, District Attorney of Orleans Parish, John Jerry Glas, Assistant District Attorney, New Orleans, Louisiana, Counsel for State-Appellee.
Edward R. Greenlee, Louisiana Appellate Project, Baton Rouge, Louisiana, Counsel for Defendant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge ROBERT A. KATZ.
WALTZER, Judge.
On 27 June, 1997, defendant Bing Crosby was charged by bill of information with possession with intent to distribute marijuana in violation of La. R.S. 40:966 and possession with intent to distribute cocaine in violation of La. R.S. 40:967.[1] Defendant pled not guilty at his arraignment on *504 1 July, 1997. A preliminary and suppression hearing was held on 11 July, 1997. The trial court denied defendant's motions to suppress evidence and statements.
After a jury trial on 5 November, 1997, defendant was found guilty as charged on each count. On 12 November, 1997, the trial court sentenced defendant to serve thirty years at hard labor on each count. The trial court denied defendant's motion to reconsider sentence; but it granted defendant's motion for appeal, setting a return date of 12 January, 1998. The State subsequently filed a multiple bill of information as to defendant's conviction for possession with intent to distribute cocaine. A hearing on the multiple bill was held on 17 June, 1998. The trial court adjudicated the defendant a triple felony offender, vacated the prior sentence, and resentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. This appeal followed.

STATEMENT OF FACTS:
On 3 December, 1996, New Orleans police officers Steven Gaudet, Brian Lampard and Jake Schnapp were involved in an investigation of Apartment 4, 1212 Clara Street. A confidential informant ("C.I.") had informed them that the occupants of that apartment were selling crack cocaine. The police had the C.I. conduct a controlled narcotics purchase, after which the C.I. informed them that the occupants were also "cooking" crack cocaine. The officers then decided to secure the apartment while a search warrant was obtained. As the officers approached, a woman, later identified as Dorothy Addison, exited the apartment. Upon seeing the officers, Ms. Addison turned around and returned to the apartment. Believing Ms. Addison was in possession of narcotics and fearing that she intended to destroy them, the officers followed her into the apartment.
Officers Gaudet and Schnapp proceeded to secure the front room of the apartment, while Officer Lampard followed Ms. Addison to the bathroom. Ms. Addison closed the bathroom door and flushed the toilet. After exiting the bathroom, Ms. Addison and Officer Lampard returned to the living room. Officers Gaudet and Schnapp advised the occupants that they were conducting a narcotics investigation of the apartment. There were seven people in the apartment including the defendant and Ms. Addison, and the officers informed them of their Miranda rights. Defendant informed the officers that he and Ms. Addison lived in the apartment and subsequently signed a consent to search form.
Officers Lampard and Schnapp then searched the apartment. The officers located six bags of marijuana in the night-stand in the bedroom. The officers also found a fully loaded nine-millimeter Smith & Wesson handgun between the bed's mattress and box spring. A .380 automatic handgun was found in a denim jacket in the closet. The jacket also contained defendant's identification card. The officers found drug paraphernaliaincluding a test tube with residue, baggies, a plate with residue, a razor blade with residue, a scale and baking sodain the kitchen. They also found money orders and rent receipts in defendant's name.
The parties stipulated that William Giblin, a criminalist with the New Orleans Police Department Crime Lab, would testify that he examined the substances found in defendant's apartment. The green vegetable matter tested positive for marijuana; the residue found on the objects in the kitchen tested positive for cocaine.
At trial, Ms. Addison testified that the defendant and she were socializing with their friends. She stated that the police officers kicked in the front door and told everyone to lie on the floor. Ms. Addison stated that she never went into the bathroom. She also denied ownership of the marijuana found in the apartment. She claimed that the marijuana belonged to someone named "Buttonhead," who, however, was not in the apartment when the police arrived.
*505 Ms. Addison acknowledged that the items found in the kitchen had been used that morning to "cook" crack cocaine. However, she denied that she and defendant would use it personally or sell it. Rather, she said, they cooked the crack for other people to sell. Ms. Addison testified that she left the apartment at one time during the day but did not see the police and that, when she did leave the apartment, she was not in possession of any drugs. Ms. Addison admitted on cross-examination that she had prior convictions for possession of cocaine and possession of cocaine with intent to distribute cocaine.
The defendant testified that he, Ms. Addison and several other people were sitting in his living room when the police officers kicked in the front door. He denied ownership of the marijuana and cocaine found in the apartment, claiming as Ms. Addison did that someone by the name of "Buttonhead" owned the marijuana. The defendant admitted to using cocaine but denied being a dealer; he stated that they cooked up the crack for his own use. On cross-examination, he acknowledged prior convictions for manslaughter, distribution of crack cocaine, and attempted possession of a weapon by a convicted felon.

ERRORS PATENT:
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NO. 1:
In counsel's assignment of error, defendant argues that the trial court erred when it denied his motion to suppress evidence. Defendant contends that the warrantless search of the defendant's apartment was illegal because the officers did not have probable cause to follow and arrest Dorothy Addison and because defendant's consent to the search was not voluntary.
This claim was found to be without merit in defendant's companion case, State v. Crosby, 98-0728 (La.App. 4 Cir. 6/16/99, 739 So.2d 1028), unpub., in which this court affirmed defendant's convictions and sentences for attempted possession of a weapon by a convicted felon. The only additional testimony taken at trial of the instant case was the testimony of defendant and Ms. Addison, which does not cure the assignment's lack of merit.

PRO SE ASSIGNMENT OF ERROR NO.1:
In this assignment, the defendant contends that the trial court erred in not disclosing the identity of the confidential informant used by the police officers in the controlled purchase. A review of the record reveals that defendant never attempted to obtain the informant's name, either before or during trial. Furthermore, because the trial court's decision to suppress the evidence has been upheld, the identity of the informant no longer appears relevant.
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 2:
The defendant also argues that the evidence was insufficient to sustain his convictions for possession with intent to distribute marijuana and possession with intent to distribute cocaine.
Recently, in State v. Ash, 97-2061 (La. App. 4 Cir. 2/10/99), 729 So.2d 664, writ denied, 99-0721 (La.7/2/99), 747 So.2d 15, this court summarized the standard of review that applies when a defendant claims that the evidence produced to convict him was constitutionally insufficient:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of *506 the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
To support defendant's convictions, the State must prove that the defendant "knowingly" and "intentionally" possessed the cocaine and marijuana with the "intent to distribute". State v. Williams, 594 So.2d 476, 478 (La.App. 4 Cir.1992). Specific intent to distribute may be established by proving circumstances surrounding defendant's possession which give rise to a reasonable inference of intent to distribute. State v. Dickerson, 538 So.2d 1063 (La.App. 4 Cir.1989).
In State v. Hearold, 603 So.2d 731, 735-36 (La.1992), the Louisiana Supreme Court stated:
Intent is a condition of mind which is usually proved by evidence of circumstances from which intent may be inferred. State v. Fuller, 414 So.2d 306 (La.1982); State v. Phillips, 412 So.2d 1061 (La.1982); La.Rev.Stat. 15:445. In State v. House, 325 So.2d 222 (La.1975), this court discussed certain factors which are useful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance. These factors include (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
* * *
In the absence of circumstances from which an intent to distribute may be inferred, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible. State v. Greenway, 422 So.2d 1146 (La. 1982); State v. Harveston, 389 So.2d 63 (La.1980); State v. Willis, 325 So.2d 227 (La.1975).
In State v. Cushenberry, 94-1206 p. 6 (La.App. 4 Cir. 1/31/95), 650 So.2d 783, 786, this court described the Hearold factors as "useful" but held that the evidence need not "fall squarely within the factors enunciated to be sufficient for the jury to find that the requisite intent to distribute."
In the present case, Officers Lampard and Schnapp testified that they, along with Officer Gaudet, were involved in an investigation of Apartment 4, 1212 Clara Street. After the events recounted in the Statement of Facts transpired, the officers found both drugs, as stipulated, *507 and drug paraphernalia. After being qualified as an expert in the field of narcotics packaging, Officer Lampard testified that the items found in the kitchen were commonly used in the retail sale and packaging of crack cocaine. While Ms. Addison and the defendant disclaimed ownership of the marijuana, they admitted to "cooking up" crack that morning. Ms. Addison testified at trial that they had cooked up the crack in preparation for its sale; and although defendant stated that the crack was prepared for his personal use, he admitted his conviction for distribution of cocaine.
The evidence seized, coupled with Officer Lampard's testimony and the admissions of Ms. Addison and defendant, enabled the jury to find beyond a reasonable doubt that defendant possessed cocaine with the intent to distribute it. This court will not disturb that finding.
The evidence also supported the jury's finding that the defendant was guilty of possession of marijuana with the intent to distribute. Although the defendant disputed ownership of the marijuana, the officers found the marijuana in his bedroom. Defendant admitted that he and Ms. Addison resided in the apartment, rent receipts in defendant's name were found in the apartment, and defendant admitted to previously distributing narcotics. We will also not disturb the jury's finding on this issue.
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 3:
The defendant contends the trial court erred in adjudicating him a triple offender under the multiple offender statute. Specifically, the defendant argues that the State did not prove the validity of the guilty plea in his prior conviction for voluntary manslaughter.
Following the Louisiana Supreme Court decision in State v. Shelton, 621 So.2d 769 (La.1993), the Legislature amended La. R.S. 15:529.1(D)(1)(b) to place the burden of challenging a predicate conviction in a multiple bill proceeding on the defendant. That subsection now provides, in pertinent part:
If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information.... A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefore, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack a sentence.
A review of the record reveals that the defendant failed to file a written response to the multiple bill of information complaining of this irregularity. While defendant questioned the adequacy the guilty plea in his other prior conviction at the hearing, he did not object to the validity of his manslaughter guilty plea. Because defendant is consequently barred from raising this issue on appeal, this assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 4:
In this assignment, the defendant suggests that the trial court should not have allowed Ms. Addison to testify because she received something of value for her testimony: her plea agreement with the State. The defendant refers to the public bribery statute in his brief and contends that plea agreement is a violation of the statute.[2] However, this Court noted in *508 State v. Rose, 97-2212 p. 3 (La.App. 4 Cir. 4/7/99), 732 So.2d 761, that "no appellate court in this state has determined that a... plea agreement is something of `apparent present or prospective value' and/or violates the public bribery statute."
The defendant also relies upon U.S. v. Singleton, 144 F.3d 1343 (10 Cir.1998), in which a federal appeals court held that a plea agreement between a witness and the government violated the federal public bribery statute. However, the court recently vacated its decision, and the United States Supreme Court denied certiorari. See U.S. v. Singleton, 165 F.3d 1297 (10 Cir.1999) (en banc), cert. denied, Singleton v. United States, ___ U.S. ___, 119 S.Ct. 2371, 144 L.Ed.2d 775 (1999).
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 5:
The defendant next argues that the trial court erred in accepting Officer Lampard as an expert in the packaging of narcotics.
During examination by the State, Officer Lampard testified that he had been on the police force for over three years and had been in the narcotics division the entire time. He has made over one thousand narcotics arrests and participated in the execution of over one hundred search warrants related to narcotics investigations. As a result, he has observed various kinds of narcotics packaging, as well as items used in the preparation of narcotics for retail sale. The officer has attended the D.E.A. narcotics school, the Department of Justice narcotics interdiction school, and the I.P.T.M. aggressive patrol techniques school.
La. C.E. art. 702 provides that "[I]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."
Based on the officer's background, the trial court qualified him as an expert in the packaging of narcotics for retail distribution. The State proceeded to question Officer Lampard as an expert. The officer explained that "residue" is the remainder of a narcotic that has not been packaged. Officer Lampard testified that the items found in the defendant's kitchen are commonly used in the retail sale and packaging of street level narcotics, particularly crack cocaine. He also stated that plastic baggies are used in the sale of cocaine. The larger baggies would be used to transport powder cocaine; the smaller baggies would be used for crack cocaine. The baggies found in the defendant's kitchen were consistent with those used to hold powder cocaine. The smaller baggies found in the kitchen would be consistent with the size of baggies used for crack cocaine.
Officer Lampard's testimony was relevant to the case and assisted the jury in understanding how cocaine is packaged for retail sale. Such testimony was helpful to the jury because defendant argued that the crack cocaine was for his personal use. The officer's testimony merely assisted the jury in its determination. He did not give the jury an opinion as to the defendant's guilt or innocence. The officer's testimony assisted the jury in determining whether defendant's claim that the cocaine was for his own personal use was a credible one. The trial court did not err in qualifying the officer as an expert and allowing him to testify as the packaging of narcotics for retail sales.
*509 This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 6:
Defendant further contends that the trial court misquoted the charges against him at the preliminary hearing.
A review of the preliminary hearing transcript reveals that the trial judge initially thought that the defendant was charged with distribution of marijuana. However, Officer Lampard, during direct examination, correctly advised the trial judge that the defendant was charged with possession with intent to distribute. Defendant did not object to the colloquy between Officer Lampard and the trial judge. Thus, appellate review of this assignment is precluded under La.C.Cr.P. art. 841; and in any event, defendant fails to show how the discussion prejudiced him in his trial.
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 7:
Finally, defendant alleges that his trial counsel was ineffective for failing to object to hearsay evidence.
Generally, the issue of ineffective assistance of counsel is more properly addressed in an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted. State v. Smith, 97-2221 p. 14 (La.App. 4 Cir. 4/7/99), 734 So.2d 826, 834. Only if the record discloses sufficient evidence to rule on the merits of the claim does the interest of judicial economy justify consideration of the issues on appeal. Id. at 834-35.
The defendant's claim of ineffective assistance of counsel is to be assessed by the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that this deficiency prejudiced him. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992). Counsel's performance is not ineffective unless it can be shown that he or she made errors so serious that he or she was not functioning as the "counsel" guaranteed to the defendant by the 6th Amendment of the federal constitution. Strickland, supra, at 686, 104 S.Ct. at 2064. That is, counsel's deficient performance will only be considered to have prejudiced the defendant if the defendant shows that the errors were so serious that he was deprived of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693, 104 S.Ct. at 2068.
The defendant does not refer to any specific testimony to which his trial counsel should have objected. Defendant reiterates the testimony of the police officers and suggests that the officers' entire testimony was hearsay. Defendant's lack of specificity precludes appellate review of the assignment of error. Furthermore, defendant has not shown any prejudice as a result of trial counsel's alleged failure to object.
On the showing made, this assignment of error is also without merit. Accordingly, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] In the same bill of information, the defendant was charged with two counts of being a convicted felon in possession of a weapon. These charges were severed for trial. On 13 August, 1997, the defendant went to trial on the weapon charges and was found guilty of attempted possession of a weapon by a convicted felon on both counts. The trial court sentenced defendant to serve seven and one-half years at hard labor without benefit of probation, parole or suspension of sentence. This court affirmed those convictions. State v. Crosby, 98-0728 (La.App. 4 Cir. 6/16/99), 739 So.2d 1028, unpub. Crosby's co-defendant, Dorothy Addison, was also charged in the same bill of information with two counts of possession of a firearm by a convicted felon, possession with intent to distribute cocaine, and possession with intent to distribute marijuana. The trial court granted Addison's motion to sever on 11 July, 1997. On 21 July, 1997, Addison was acquitted of the firearms charges. However, she pled guilty to the drug charges on 29 October, 1997. The trial court sentenced Addison to serve five years at hard labor on each count.
[2] La. R.S. 14:118 defines public bribery, in pertinent part, as "the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment or duty: ... (d) Witness, or person about to be called as a witness, upon a trial or other proceeding before any court, board or officer authorized to hear evidence or to take testimony."