STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-941

STATE OF LOUISIANA

VERSUS

JEREMY D. LEE

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 05-854 and 05-855
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**Thibodeaux, Chief Judge, dissents and assigns written reasons.**


**John F. Johnson**
**District Attorney**
**Ronnie O. McMillin**
**Assistant District Attorney**
**4001 Carter Street, Suite 9**
**Vidalia, LA   71373**
**(318) 336-8710**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Mary Constance Hanes**
**Louisiana Appellate Project**
**Post Office Box 4015**
**New Orleans, LA   70178-4015**
**(504) 866-6652**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Jeremy D. Lee**

AMY, Judge.

The defendant was convicted of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. The trial court imposed concurrent sentences of twenty years at hard labor for the former conviction and eight years at hard labor for the latter conviction. The defendant appeals, questioning the sufficiency of the evidence. For the following reasons, we affirm.

**Factual and Procedural Background**

Officer John Hawkins of the Ferriday Police Department testified that, on April 12, 2005, he stopped a vehicle after he observed it run a red light. Officer Hawkins explained that he arrested the driver, LaToya Evans, after learning that her driver's license was suspended.

The defendant, Jeremy D. Lee, was a passenger in the vehicle. Officer Hawkins initiated a check on the defendant's name. While the check was proceeding, the defendant telephoned Joseph White for a ride from the scene. When Mr. White arrived, the defendant entered the vehicle and prepared to leave. However, according to Officer Hawkins, the name check on the defendant revealed an outstanding arrest warrant in California. Officer Hawkins shouted for Mr. White to stop the vehicle, which he did. The defendant was removed from the vehicle and arrested. Mr. White was also arrested. By this time, Officer Rickey Hollins and a State Trooper had arrived on the scene to assist Officer Hawkins. The defendant was placed in the back of Officer Hollins' patrol car for transport to the police station.

Officer Hollins testified that he returned to the patrol vehicle after taking the defendant into the police station. When he searched the back seat, he found a basket containing what lab testing revealed to be marijuana and cocaine. The defendant was charged with one count of possession of cocaine with intent to distribute, a violation

of La.R.S. 40:967(A)(1), and possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1).

After an initial jury trial setting resulted in a mistrial, the defendant waived his right to a jury trial. Following a two-day bench trial, the trial court found the defendant guilty on both charges. The trial court sentenced the defendant to twenty years at hard labor for possession of cocaine with intent to distribute and eight years at hard labor for possession of marijuana with intent to distribute. The trial court ordered that the sentences run concurrently.

The defendant appeals and, in his sole assignment of error, questions the sufficiency of the evidence to support the convictions for possession of cocaine and marijuana with intent to distribute.

## Discussion

*Errors Patent*

Having reviewed this matter in accordance with La.Code Crim.P. art. 920, we find no errors patent on the face of the record.

*Sufficiency of the Evidence*

The defendant's sufficiency of the evidence argument focuses on inconsistencies in the State's version of events. In particular, he points out discrepancies in the officers' version of events and what was recorded in the dispatcher's log and the report of the incident.

In *State v. Draughn*, 05-1825, p. _ (La. 1/17/07), _ So.2d _, _, the Louisiana Supreme Court reiterated that:

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the

2

essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, "assuming every fact to be proved that the evidence tends to prove." La. R.S. 15:438; *see State v. Neal*, 2000-0674 p. 9 (La.6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory requirement of La. R.S. 15:438 "works with the Jackson constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury." *Neal*, 2000-0674 p. 9, 796 So.2d at 657.

Given these charges, the State was required to prove beyond a reasonable doubt that the defendant intentionally possessed cocaine and marijuana and that he had the specific intent to distribute the cocaine and marijuana. *See* La.R.S. 40:967(A)(1) and La.R.S. 40:966(A)(1).

In support of its case, the State presented the testimony of Officer Hollins who explained that he visually checked his patrol car prior to transporting the defendant to the police station. Officer Hollins testified that he saw the defendant "wiggling" and moving around while in the back seat of the car. Officer Hawkins explained that he also saw the defendant "moving around" in the car. According to Officer Hollins, he discovered the drugs in his vehicle after he took the defendant into the police station and returned to his car. He explained that the drugs were contained in what he described to be a "basket." The laboratory testing results were introduced into evidence and revealed that the "sealed plastic bag containing 115 small plastic bags containing white substance" contained cocaine. The lab report further indicates that the "vegetable matter" in the "sealed plastic bag containing two (2) plastic bags containing suspected marijuana" was marijuana.

As the marijuana and cocaine were found on the backseat where, according to Officer Hollins, only the defendant had been and where he had been observed to be

3

moving about, we find that the evidence was sufficient to support a determination that the defendant intentionally possessed both the cocaine and the marijuana. *See State v. Major*, 03-3522 (La. 12/1/04), 888 So.2d 798 (wherein the supreme court explained that possession can be established by either actual physical possession or by constructive possession. The State can establish the latter by demonstrating that the defendant had dominion and control.). Also, while the statement was apparently not memorialized in his report, Officer Hawkins testified that, after questioning at the police station, the defendant admitted "that the drugs were his."

As for the remaining element of the offenses, specific intent to distribute the cocaine and marijuana, we find that the record supports the determination that the State presented evidence sufficient in this regard. The record lacks specific testimony regarding the weight of the drugs found, the characteristics of drug distribution, and whether the amount of the drugs found was consistent with personal use. Rather, the transcript is largely focused on the question of possession. However, given the context of the contraband's discovery, two bags of marijuana bundled with 115 bags of cocaine, we find that the trial court was free to conclude that the sheer amount and packaging of the drugs were indicative of intent to distribute rather than personal use. Also, the transcript reveals that the trial court was able to review the amount and packing of the contraband as the drugs were presented as State's Exhibits Two and Three.

Finally, we address the defendant's contention that the testimonies of the State's witnesses were unreliable given certain omissions from the dispatcher's log and from the arrest reports. Having reviewed the record, we do not find that the trial court, as the trier of fact, was required to find that these inconsistencies were of such

4

a nature so as to require the rejection of the testimony of Officers Hawkins and Hollins. Rather, the trial court's ruling indicates that it considered the various credibility issues in making its determination.[1]

While "Louisiana law neither requires nor precludes a statement of reasons supporting the verdict returned by the court sitting as a fact finder in the case[,]" such a statement "may provide a useful guide for reviewing the sufficiency of the evidence under the *Jackson* standard." *State v. Marshall*, 04-3139, pp. 6-7 (La. 11/29/06), 943 So.2d 362, 367. This standard requires that the appellate court focus on whether the trier of fact made a rational determination and not on its particular thought processes.

---

[1] The trial court explained:

In this particular case the Court acknowledges that there are numerous problems. That Officer Hawkins did not make a notation in his report. That there was an alleged confession by Mr. Lee. The Court notes that Officer Hollins did not submit a written report, even though he found the drugs. And Officer Hawkins testified that the policy required that any officer who found drugs should have made a report. The Court acknowledges that there are problems with the police log. The Court acknowledges also that this was the first night that the dispatcher was on duty. The Court acknowledges that because there was no report by Office Hollins that perhaps his memory on certain evidence is not as well instilled as it would have been had he had a written report. However, the Court does believe that Officer Hollins had no reasons to plant drugs on Mr. Lee and the Court finds that Officer Hollins's testimony is truthful and he is a credible witness. Some errors were made in record keeping by the Town of Ferriday. The officers did do a cursory search where they both testified, Hawkins and Hollins, that they checked Mr. Lee about the waist. There has been no evidence that they did a sophisticated search checking any other parts of his clothing, including his pockets. The Court has been presented with two bags of marijuana and 115 individual packages of cocaine. The Court finds that these drugs were located by Officer Hollins after he transported Mr. Lee to the station. Essentially, the Court has, even though there is no written report that indicates a confession was made by Mr. Lee, Officer Hawkins testified that he acknowledged the drugs were his. Officer Hollins testified that he acknowledged that the drugs were his. And his own relative, Mr. White, testified that Mr. Lee had acknowledged that the drugs were his. The Court goes back to Mr. Magoun's earlier argument, why would you confess to possessing drugs in the first place if you did not possess the drugs, other than if you are confronted or acccused, or threatened in any manner by one of the officers. And there has been no evidence that Mr. Lee was. So essentially in this case even though we have numerous problems with record keeping, numerous conflicts, the Court is taking into consideration that the dispatcher, it was her first night on the job. That Officer Hollins is credible even though he is lacking in his reporting skills. The Court finds that the State has proven that two bags of marijuana and 115 individual packages of cocaine were in Officer Hollins's vehicle. That they were found after Mr. Lee was transported. And that Mr. Lee acknowledged ownership of the drugs in the presence of two officers and his cousin, Mr. White, his relative. Essentially, in this particular instance there is a credibility call. The Court, even though acknowledging that there are problems, the Court believes the testimony of Officer Hawkins and Officer Hollins. The State has met its burden and the Court finds Mr. Lee guilty on both counts, possession of cocaine with intent to distribute and possession of marijuana with intent to distribute . . . .

5

*Id.* In examining the trial court's ruling, it is apparent that the trial court accepted the version of events provided by Officer Hawkins and Officer Hollins and concluded that certain inconsistencies were due to a failure to memorialize the events in the arrest reports. As explained in *Marshall*, "[c]redibility determinations are within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence." *Id*. at 369. Considering both the testimony of these officers and the quantity of the packages of drugs discovered in a light most favorable to the prosecution, we conclude that the trial court could have reasonably concluded that the evidence established that the defendant possessed the cocaine and marijuana with intent to distribute.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the defendant's convictions for possession of cocaine with intent to distribute and possession of marijuana with intent to distribute are affirmed.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

JEREMY D. LEE

**THIBODEAUX, Chief Judge, dissenting.**

The majority opinion focuses on issues of credibility and is conspicuously absent of any discussion regarding the elements of intent to distribute cocaine and marijuana. The elements supporting such a determination are firmly entrenched in our jurisprudence, particularly the seminal Louisiana Supreme Court opinion in *State v. House*, 325 So.2d 222 (La.1975) which is nowhere discussed or even mentioned by the majority. The majority opines "that the trial court was free to conclude that the sheer amount and packaging of the drugs were indicative of intent to distribute rather than personal use." These are only two of the factors addressed by *State v. House*, 325 So.2d 222.

In *State v. House*, 325 So.2d 222 (La.1975), the Louisiana Supreme Court discussed factors to be considered when evaluating circumstantial evidence to determine if such evidence is sufficient to find a defendant intended to distribute drugs: 1) whether the defendant ever distributed or ever attempted to distribute the drugs; 2) whether the drugs were in a form usually associated with possession for distribution to others; 3) whether the amount of drugs created an inference of an intent to distribute; 4) whether expert or other testimony established that the amount

of drugs found in the defendant's possession is inconsistent with personal use only; and 5) whether any drug paraphernalia was found with the drugs, such as baggies or scales, evidencing an intent to distribute. "Testimony of street value and dosage of the drug is also relevant to the issue of intent." *State v. Moore*, 40,311, p. 4 (La.App. 2 Cir. 1/13/06), 920 So.2d 334, 339. *State v. Trahan*, 425 So.2d 1222 (La.1983), affirmed a conviction for possession of marijuana with the intent to distribute where the state put on an expert witness who testified that the amount of drugs seized was inconsistent with personal use; the amount of marijuana seized would have made 1,600 marijuana cigarettes. *State v. Crosby*, 98-372 (La.App. 4 Cir. 11/17/99), 748 So.2d 502, also affirmed convictions for possession of marijuana and cocaine with the intent to distribute, where the state offered expert narcotics testimony that paraphernalia found at the scene were commonly used in the packing and retail sales of crack cocaine. *Moore*, 920 So.2d at 340, affirmed a conviction for possession of cocaine with intent to distribute where the state's narcotics expert testified that "possessing such a large amount of crack cocaine [27 rocks] with no crack pipe found on the defendant's person was absolutely consistent with street level distribution of crack cocaine."

However, where the state offers only circumstantial evidence to prove intent to distribute, courts have reversed convictions where the state failed to provide expert testimony to support the circumstantial evidence. *See State v. Durgan*, 05-1642 (La.App. 3 Cir. 5/31/06), 931 So.2d 1182, where this court reversed a possession with intent to distribute cocaine conviction, entered a conviction for possession of cocaine, and remanded for resentencing, where the state failed to provide expert testimony that the amount of drugs recovered was inconsistent with personal use or that the defendant possessed any distribution paraphernalia at the time

2

of his arrest. *See also State v. Perkins*, 97-1119 (La.App. 3 Cir. 6/17/98), 716 So.2d 120, where this court vacated a conviction for possession with intent to distribute marijuana and entered a verdict of possession of marijuana, where the state failed to establish the quantity of marijuana recovered from the defendant. Thus, the inference of intent to distribute based on the quantity could not be supported.

In this case, the State proved that the Defendant was found to be in possession of 115 bags of cocaine and two bags of marijuana; however, no evidence or testimony was presented at trial to support the inference that Defendant intended to distribute the drugs. Other than proving that the Defendant was in possession of 115 bags of cocaine, there is nothing in the record to indicate the amount of cocaine contained in each bag, or the total weight of cocaine recovered. Moreover, there was no testimony, expert or otherwise, or evidence offered, to prove or suggest that either the weight of the cocaine or marijuana was of such a quantity that it could not have been for personal use, or that the packing was consistent with distribution as opposed to personal use. Evidence of street value and dosage is also lacking.

Furthermore, it is apparent that the State was aware of jurisprudence regarding expert narcotics testimony based on its statement at trial prior to opening statements, "[i]n addition to that I may call Officer Gregg Jackson with Concordia Parish Sheriff's Narcotics for testimony regarding the packaging of the material as far as distribution as opposed to personal onsumption [sic]." A close review of the appellate record and trial transcript reflects that the State failed to elicit any testimony to indicate the Defendant attempted to distribute the drugs, that the manner in which the drugs were packaged was consistent with the distribution of drugs, how much of the substance was contained in each package, the total weight of the drugs, or the street value of the drugs.

The State failed to produce any testimony, expert or otherwise, to show that the manner of packaging or the amount of drugs was consistent with the distribution of drugs. Therefore, the State failed to prove that the Defendant had the specific intent to distribute the drugs. Accordingly, following the jurisprudence in *House*, *Trahan*, *Crosby*, and *Moore*, the State failed to provide sufficient evidence to prove the Defendant was guilty of possession with the intent to distribute either marijuana or cocaine.

In summary, the State unquestionably presented evidence that the Defendant was in possession of the drugs at issue; however, it failed to show that the Defendant had the required specific intent to distribute any drugs. Louisiana Code of Criminal Procedure Article 821(E) states:

> If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.

Accordingly, based on the statutory language of La.Code Crim.P. art. 821(E), I would find the Defendant guilty of one count of possession of cocaine in violation of La.R.S. 40:967(C) and one count of possession of marijuana in violation of La.R.S. 40:966(C).

For the foregoing reasons, I respectfully dissent.